```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

ABBAS TALEBLOO                                CIVIL ACTION

VERSUS                                        NO: 11-717

GEICO GENERAL INSURANCE CO.,                  SECTION: R(3)
ET AL.
```

## ORDER AND REASONS

Before the Court is defendant American International Insurance Company's unopposed motion for partial summary judgment.[1] Because there is no evidence that defendant's conduct was arbitrary, capricious, or without probable cause, the Court GRANTS defendant's motion.

## I.    BACKGROUND

This dispute arises out of a car accident that occurred on March 26, 2010 involving a vehicle operated by Amie Roberts and a vehicle operated by the plaintiff, Eddie Talebloo. At the time of the accident, Talebloo had an insurance policy with Geico General Insurance Company ("Geico") containing uninsured/underinsured motorist ("UM/UIM") coverage. Following the accident, Talebloo was admitted to the Ochsner Medical Center Emergency Room and treated for injuries to his spine and back.

---

[1]   R. Doc. 56.

On August 31, 2010, Talebloo filed a complaint in state court against Geico, State Farm Mutual Automobile Insurance Company ("State Farm") and Amie Roberts. Plaintiff asserts that Roberts's negligence caused the accident. Accordingly, he seeks damages for his physical injuries, emotional distress, pain and suffering, loss of income, loss of the capacity for enjoyment of life, and medical expenses. On October 5, 2011, plaintiff filed an amended complaint asserting bad faith claims against GEICO. Then on January 11, 2011, plaintiff filed a second amended complaint adding American International Insurance Company ("AIIC") as a defendant. AIIC is plaintiff's excess UI/UIM insurer.

Plaintiff reached a settlement agreement with State Farm and Roberts and voluntarily dismissed those parties from the lawsuit. AIIC now moves for summary judgment on plaintiff's bad faith claims against it.

**II. STANDARD**

*A. Summary Judgment*

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2); *see also Celotex Corp. v. Catrett*, 477

2

U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may

satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.  See *Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists.  See *id.* at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial.  *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075; *Isquith ex rel. Isquith v. Middle South Utils., Inc.*, 847 F.2d 186, 198 (5th Cir. 1988), *cert. denied*, 488 U.S. 926 (1988).

    *B. Bad Faith*

Louisiana law imposes penalties on insurers who arbitrarily or capriciously fail to pay a claim.  See La. Rev. Stat. §§ 22:1892, 22:1973(b)(5).[2]  In order to recover the statutory penalties, a claimant must demonstrate "that his insurer (1) received satisfactory proof of loss, (2) failed to pay within the required time,[3] and (3) acted in an arbitrary and capricious manner."  *La. Bag Co., Inc. v. Audubon Indem. Co.*, 999 So.2d

---

    [2]    Sections 22:1892 and 22:1973 were previously numbered as §§ 22:658 and 22:1220, respectively.  Furthermore, the Louisiana Supreme Court has noted that both statutes incorporate the same standard and proscribe the same conduct.  *Reed v. State Farm Mut. Auto Ins. Co.*, 857 So.2d 1012, 1020 (La. 2003).

    [3]    La. Rev. Stat. §§ 22:1892 and 22:1973 set statutory time periods of thirty and sixty days respectively.

1104, 1112-13 (La. 2008).  The Louisiana Supreme Court has interpreted "arbitrary and capricious" to mean vexatious.  *La. Maint. v. Certain Underwriters*, 616 So.2d 1250, 1253 (La. 1993). A vexatious refusal to pay is a refusal that is "unjustified, without reasonable or probable cause or excuse."  *La. Bag Co., Inc.*, 999 So.2d at 1114 (citing *Reed v. State Farm Mut. Auto Ins. Co.*, 857 So.2d 1012, 1021 (La. 2003)).  Statutory penalties are not warranted when the insurer has a reasonable basis to defend the claim and acts in good-faith reliance on that defense. *Reed*, 857 So.2d at 1020-21.   The bad faith statutes are penal in nature and must be strictly construed.  *McDill v. Utica Mut. Ins. Co.*, 475 So.2d 1085, 1092 (La. 1985).

**III. DISCUSSION**

Generally, "an excess insurance policy provides coverage that begins only after a predetermined amount of primary coverage is exhausted."  *Steve D. Thompson Trucking, Inc. v. Twin City Fire Insurance Co.*, 832 F.2d 309, 310 (5th Cir. 1987) (holding that under Louisiana law, excess insurer was not obligated to provide primary coverage or defense to claims when underlying insurer became insolvent).  Under Louisiana law, an excess insurer is not required to pay ahead of a primary insurer.  *See Lee v. USAA Cas. Ins. Co. of Am.*, 571 So.2d 127 (holding that contractual excess insurer was not required to pay ahead of

5

primary insurer that was deemed statutorily excess for stacking purposes).

In this case, plaintiff's Personal Excess Liability Policy with AIIC states that the insurer will

> cover damages for bodily injury an insured person is legally entitled to receive from the owner or operator of an uninsured or underinsured auto if the bodily injury is caused by an occurrence during the Policy Period. We cover these damages in excess of the underlying insurance or the Minimum Required Underlying Limit, whichever is greater.[4]

Defendant asserts that AIIC is not currently obligated to pay Talebloo under the terms of his policy because plaintiff has not yet exhausted his primary UM/UIM coverage. Defendant argues, therefore, that it has not acted in bad faith because Talebloo's failure to exhaust his primary coverage provides a reasonable basis for nonpayment. Plaintiff does not disagree with this argument, nor does he provide any evidence to demonstrate that defendant adjusted his claim in bad faith. The Court, therefore, has no evidence of AIIC's bad faith that would create a genuine issue of material fact for trial. Accordingly, the Court finds that AIIC is entitled to judgment as a matter of law as to plaintiff's claims for statutory bad faith penalties.

---

[4] R. Doc. 39-1 at 12.

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS defendant's motion for partial summary judgment and DISMISSES plaintiff's claims against defendant AIIC for statutory bad faith penalties.

New Orleans, Louisiana, this 23rd day of April, 2012.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE